UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 05-80418-DHW |
| | Chapter 7 |
| DIANE G. BAKER, | |
| Debtor. | |
| _____ | |
| CECIL M. TIPTON, JR., TRUSTEE, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 05-08022-DHW |
| DIANE G. BAKER, | |
| Defendant. | |

### MEMORANDUM OPINION

Diane G. Baker (hereinafter "Baker" or "debtor") filed a chapter 7 petition for relief in this court on March 16, 2005. Cecil M. Tipton, Jr. (hereinafter "Tipton" or "trustee") was appointed by the court to serve as trustee in Baker's case. The debtor received a discharge on July 14, 2005.

On March 15, 2006, Baker filed amended Schedules B (personal property) and C (exemptions)(Doc. #20). There, Baker claimed as exempt property a $61,448.55 settlement of a workers' compensation claim and three vehicles that she acquired with those settlement proceeds.[1] These exemptions are claimed under *Ala. Code* § 25-5-86

---

[1] The vehicles claimed as exempt are a 2000 Mercedes Benz valued at $18,000, a 2004 Mazda 626 valued at $15,413, and a 1998 Buick LeSabre

(1975).

On March 22, 2006, the trustee filed an objection to the debtor's amended exemption. In chief, the trustee contends that the Alabama statute exempts only an unpaid claim for workers' compensation and not the compensation once paid. Because the debtor received the compensation before filing the chapter 7 petition, the trustee contends that neither the compensation nor the vehicles purchased with the compensation are exempt under State law.

On September 2, 2005, the trustee filed this adversary proceeding seeking revocation of the debtor's discharge and seeking an order requiring the turnover of the 2000 Mercedes Benz and the 2004 Mazda 626.[2] On April 20, 2006, the trustee filed a motion for summary judgment in the adversary proceeding (Doc. #16).[3] The objection to the debtor's exemption and the turnover count of the adversary

---

valued at $7,240.

[2] That part of the adversary proceeding seeking revocation of the debtor's discharge is brought under 11 U.S.C. § 727(d)(2). Under that provision of the Code, a discharge may be revoked if the debtor acquired property of the estate and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee.

[3] In his motion for summary judgment, the trustee not only seeks judgment on his discharge revocation claim under 11 U.S.C. § 727(d)(2) but also under 11 U.S.C. § 727(d)(1). Because the original complaint did not raise § 727(d)(1), the court will not consider that claim in this motion for summary judgment.

There is another inconsistency in the original complaint and the motion for summary judgment. The original complaint seeks turnover of only two vehicles, the Mercedes Benz and the Mazda. The motion for summary judgment, however, mentions these two cars and a third, a 1998 Buick LeSabre.

2

proceeding overlap, involving the same claims and defenses.

On May 30, 2006, Baker filed a response in opposition to the trustee' motion for summary judgment. There, with respect to the discharge revocation count, she denies that she fraudulently concealed assets of the estate from the trustee. Further, Baker contends that the trustee is not entitled to summary judgment on the turnover count because she exempted the vehicles from estate property.

## Jurisdiction

The court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from the United States District Court for this district's order referring title 11 matters to the Bankruptcy Court. Further, because this dispute involves the revocation of the debtor's discharge and turnover of property allegedly belonging to the estate, this is a core proceeding pursuant to 28 U.S.C. § 157 thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Facts

The trustee contends that these facts entitle him to summary judgment. When Baker filed her bankruptcy petition in March 2005, she disclosed only one vehicle, a 2000 Mercedes Benz. *See* Trustee's Ex. A, Debtor's Schedule B. At the § 341 meeting of creditors, the debtor reiterated that her only vehicle was the Mercedes Benz. Further, Baker testified that the Mercedes was paid for but then testified that she still owed Regions Bank for the car. *See* Trustee's Ex. B, Transcript of Creditors' Meeting, p. 2-5,

Baker purchased the three vehicles within 12 days of filing her March 16, 2005 bankruptcy petition. All three vehicles were purchased with proceeds of her workers' compensation settlement proceeds. *See* Trustee's Ex. C, Answer to Complaint, and Trustee's Ex. D, Transcript of Rule 2004 examination, p. 5-6.

3

Baker has refused to turn over the vehicles in question. *See* Trustee's Ex. D, p. 27-30.

Baker filed a response in opposition to the trustee's motion for summary judgment which included her affidavit (Doc. # 22 and #23). Therein, Baker attests that she told her bankruptcy lawyer about her workers' compensation settlement in January 2005 when her bankruptcy paperwork was completed.[4] Baker returned to her attorney's office in March 2005 and advised counsel that she had received the proceeds of the workers' compensation claim and that she had bought the Mercedes Benz. She did not further review the bankruptcy papers before they were filed on March 16, 2005.

Baker admits that she purchased three vehicles just prior to filing for bankruptcy relief. She contends, however, that she failed to list two of the cars in her bankruptcy schedules because she had given the Mazda and the Buick to her children prior to the bankruptcy.

Baker generally denies that she intended to defraud the trustee and maintains that many of the discrepancies in her schedules and testimony are the result of poor advice by her initial bankruptcy counsel.

Conclusions of Law

The standard for summary judgment established by Fed. R. Civ. Proc. 56 is made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. Proc. 7056. The rule provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

---

[4] Baker's initial attorney in the bankruptcy case was Charles M. Ingrum, Sr. Mr. Ingrum's motion to withdraw as debtor's counsel was granted on March 24, 2006 (Doc. #24).

4

> admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. Proc. 56(c).

Summary judgment is appropriate when "there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

I. The Discharge Revocation Count

The trustee seeks to revoke Baker's bankruptcy discharge under 11 U.S.C. § 727(d)(2). The statute provides:

> (d) On request of the trustee . . . the court shall revoke a discharge granted under subsection (a) of this section if—
> . . .
> > (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee.

Summary judgment under the discharge revocation count of the trustee's complaint is not proper because there is a dispute of material fact. The trustee, in short, contends that Baker's failure to disclose her interest in two vehicles, either through her bankruptcy schedules or her testimony, and her failure to turn over these vehicles constitutes a knowing and fraudulent failure to report, deliver, or surrender estate property to the trustee under § 727(d)(2). To prevail in an action under § 727(d)(2), the trustee has the burden of proving:

5

> (1) that the debtor acquired or became entitled to acquire certain property; (2) the property in question was property of the bankruptcy estate (or would be upon its acquisition); (3) the debtor failed to report the acquisition of or entitlement to such property or to deliver or surrender such property to the trustee; and (4) in so failing to report or deliver or surrender the property, the debtor acted knowingly and fraudulently.

*Grossman v. Foster (In re Foster)*, 2006 WL 1418684, 6 (Bankr. D. Mass. 2006) (emphasis omitted). The trustee must prove the above elements by a preponderance of the evidence. *Id.; Smith v. Argiannis (In re Argiannis)*, 183 B.R. 307, 310 (Bankr. M.D. Fla. 1995). The term "knowingly and fraudulently" "requires that the debtor be guilty of such acts as would sustain a civil action for fraud or deceit." *Argiannis*, 183 B.R. at 311.

Whether Baker's failure to disclose was done knowingly and fraudulently involves findings of facts which are now in dispute. First, Baker contends that she had gifted two vehicles to her children prior to bankruptcy and did not consider them part of her estate. In addition, Baker contends that she first met with her bankruptcy attorney in January 2005, and that she apprised him of her workers' compensation claim. The bankruptcy case, however, was not filed immediately following this January 2005 meeting. Instead, Baker returned to her attorney's office in March 2005 and told her bankruptcy attorney about the workers' compensation settlement. She did not, however, review her bankruptcy paperwork before it was filed. Finally, Baker contends that she has not surrendered the property to the trustee because it is exempt under State law.

These factual contentions bear upon whether Baker knowingly and fraudulently failed to disclose or surrender her interest in two of the three cars purchased with her workers' compensation settlement proceeds. Thus, a material factual dispute exists thereby precluding

6

summary judgment on the § 727(d)(2) count.

II. The Turnover Count and Objection to Exemption

The trustee has objected to the debtor's exemption of the workers' compensation settlement proceeds and the vehicles purchased with those proceeds. Further, in this adversary proceeding, the trustee seeks an order requiring the debtor to turn over two of the three automobiles purchased with the workers' compensation monies.[5] As noted, the objection to the exemption and the turnover count of the complaint overlap.

Here, there is no genuine dispute of material fact. Prior to Baker's bankruptcy, she settled her workers' compensation claim and used the settlement proceeds to purchase three vehicles. The issues are solely ones of law, namely, whether the workers' compensation settlement proceeds and/or property directly purchased with those proceeds are exempt from creditor claims under Alabama law.[6]

Because the Alabama Supreme Court has not addressed this precise issue, this court must endeavor to predict how that Court would rule if presented with the question. *Freeman v. First Union Nat.*, 329 F.3d 1231, 1232 (11th Cir 2003); *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290 (11th Cir. 2001). "Where the state's highest court has not spoken to an issue, a federal court 'must adhere to the decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.'" *Id.* (quoting *Insurance Co. of North America v.*

---

[5] Turnover actions arise under 11 U.S.C. § 542.

[6] Alabama exemptions, not federal ones, control because Alabama has opted out of the federal exemptions as authorized by 11 U.S.C. § 522(b). *See Ala. Code* § 6-10-11 (1975).

7

*Lexow*, 937 F.2d 569, 571 (11th Cir. 1991). In so doing, this court operates under a backdrop that requires a liberal construction of exemption laws. *Avery v. East Alabama Medical Center (In re Avery)*, 514 So. 2d 1380, 1382 (Ala. 1987); *McPherson v. Everett*, 277 Ala. 519, 172 So. 2d 784 (1965). Further, "[c]ourts must liberally construe the workers' compensation law 'to effect its beneficent purposes,' although such a construction must be one that the language of the statute 'fairly and reasonably' supports." *Sanders v. Dunlop Tire Corp. (In re Dunlop Tire Corp.)*, 706 So. 2d 729, 733 (Ala. 1997) (quoting *In re Beaver Valley Corp.*, 477 So. 2d 408, 411 (Ala. 1985).

Baker claims this property is exempt under *Alabama Code* § 25-5-86(2) (1975). The statute provides:

> Claims for compensation, awards, judgments, or agreements to pay compensation owned by an injured employee or his or her dependent shall not be assignable and shall be exempt from seizure or sale or garnishment for the payment of any debt or liability.

The trustee contends that the exemption is limited to the workers' compensation claim so long as it remains a claim, but that the exemption ceases to exist once the claim is paid. The court disagrees.

Statutes exempting workers' compensation benefits vary from state to state, thereby making comparisons of judicial interpretations of those statutes problematic. However, it is clear that there is a line of cases that would support the trustee's position that once paid, workers' compensation benefits lose their exempt character. *McCabe v. Fee*, 279 Or. 437, 568 P.2d 661 (1977); *Merchants Bank v. Weaver*, 213 N.C. 767, 197 S.E. 551 (1938) (funds deposited in a bank held not exempt); *Wartella v. Osick*, 108 Pa. Super. 589, 165 A. 660 (1933); *In re Bonzey*, 153 B.R. 105 (Bankr. D.R.I. 1993).

This court, however, feels that the Alabama Supreme Court would

8

find the reasoning expressed in *Surace v. Danna*, 248 N.Y. 18, 161 N.E. 315 (1928) and its progeny more convincing. There, Justice Cardozo considered a New York workers' compensation exemption statute that was similar to the Alabama law considered here. The New York statute provided that "[c]ompensation or benefits *due* under this chapter shall not be assigned, released, or commuted except as provided by this chapter, and shall be exempt from all claims of creditors and from levy, execution, and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived." *Id.* at 20 (emphasis added). The issue presented in *Surace* was identical to the one here, that is, whether exempt status is lost once a workers' compensation claim is paid. The court held the word "due" as used in the statute contained color and content that varies depending on the setting. The court found that "due" as used in the statute could refer to "a payment presently owing, or one to become due in the future, or one already made." *Id.* at 21.

Similarly, the word "awards" as used in the Alabama statute contains color and content that varies depending upon the setting in which it is used. "Awards" could represent not only workers' compensation benefits presently owing but also those already made. This broader construction is in keeping with the purpose of the workers' compensation laws which is to rehabilitate injured workers, not to provide for the payment of their antecedent debts. *Id.* at 21. *See Gaddy v. First Nat'l Bank*, 115 Tex. 393, 283 S.W. 472 (1926); *Vukovich v. Ossic*, 50 Ariz. 194, 70 P.2d 324 (1937); *In re Covey*, 36 B.R. 696 (Bankr. W.D.Ark. 1984); *In re Fraley*, 148 B.R. 635 (Bankr. M.D. Fla. 1992)(all holding that the exemption applied to funds in the hands of the debtor or debtor's bank).

Having found that the exemption does not end with the payment of the claim, the court turns to the question of whether the exemption extends to the automobiles purchased by Baker with the exempt funds. The court knows of no basis to distinguish the debtor's bank account from the automobiles that she acquired with, and that are traceable to,

9

exempt proceeds. The debtor has merely changed the form of the exempt property. *In re Williams,* 171 B.R. 451 (D.N.H. 1994). The exemption of workers' compensation benefits would be fruitless if it only operated to shield the benefits from creditor claims but not the property purchased with the exempt proceeds. *See Di Donato v. Rosenberg,* 221 A.D. 624, 628, 225 N.Y.S. 46 (1927)(home purchased with exempt proceeds is protected); *In re Morrissey,* 391 F. Supp. 1350, 1352 (E.D.N.Y. 1975) (furniture purchased with exempt funds is protected). Thus, the court is convinced that so long as the debtor can trace the funds used to purchase the vehicles to exempt workers' compensation proceeds, that property is covered by the exemption as well.

This court is further persuaded that the claimed exemption is proper after considering the language of the Alabama Court of Civil Appeals in *Gober v. Alabama Department of Corrections*, 871 So. 2d 838 (Ala. Civ. App. 2003). Although by way of dicta, the court wrote that the workers' compensation statute "generally prohibits the garnishment, seizure, or sale of claims made, **or benefits paid**, under the Workers' Compensation Act. *Id*. at 842 (emphasis added). Clearly, "benefits paid" could only refer to those benefits that had previously been tendered to the claimant.

Finally, the court notes that the debtor's state law exemption may be trumped by the Bankruptcy Code. Under 11 U.S.C. § 522(g), a debtor may not claim as exempt property recovered by the trustee under § 550 (which incorporates transfer avoidance actions brought under §§ 544, 545, 547, 548, 549, 553(b), or 724(a)) if the debtor made the transfer voluntarily.[7] In this case, it is unclear whether the debtor

---

[7] The exact text of the statute provides:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551,

10

had completed the gifts of these vehicles to her children at the time of bankruptcy. If not, the vehicles were hers at the time of filing and are exempt from the estate as explained herein. If, however, the gifts were complete, the trustee may have an action to recover the transfers pursuant to 11 U.S.C. § 548. To the extent that the voluntary transfers are avoided by the trustee, the debtor cannot exempt the recovered property.

Conclusion

For these reasons the trustee's motion for summary judgment as to the discharge revocation count of the complaint is due to be denied. Further, the trustee's objection to the debtor's claim of exemption is due to be overruled unless the trustee recovers the property under 11 U.S.C. § 548, and summary judgment on the turnover count of the complaint is due to enter in favor of the defendant. Pursuant to Fed. R. Bankr. Proc. 9021, a separate order consistent with this memorandum opinion will enter.

Done this the 25th day of July, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Sandra H. Lewis, Attorney for Debtor/Defendant
   Cecil M. Tipton, Jr., Trustee/Plaintiff

---

or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
   (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
      (B) the debtor did not conceal such property; or
   (2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

11